UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUARDADO (A# 246-934-783),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY (ICE),<br>Respondent. | No. 1:26-cv-08444 DC SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of El Salvador who entered the United States without inspection on an unknown date and time. He has a criminal history in the United States. On October 12, 2023, Petitioner was convicted of battery under California Penal Code § 242 and sentenced to 60 days in jail. ECF No. 7-1 at 10-11 (FBI rap sheet).

Immigrations and Customs Enforcement ("ICE") agents arrested Petitioner on October 2, 2026. According to Petitioner's Form I-213, Petitioner was walking in the vicinity of the address of another noncitizen whom the agents were targeting. ECF No. 7-1 at 2. After conducting a records check, Supervisory Detention and Deportation Officer Pham "filled out and signed an I-200 Warrant for Arrest" and detained Petitioner. Id. at 3. On the same date, immigration officials

issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole). Id. at 4-6. Petitioner is currently detained at the California City Immigration Processing Center within this judicial district.[1] ECF No. 1 at 1.

Petitioner filed his petition on October 14, 2026, challenging his allegedly warrantless arrest and claims he was physically injured during his detention. ECF No. 1 at 6-7. He seeks immediate release. Id. at 8. Respondent acknowledges that Petitioner is detained under 8 U.S.C. § 1226(a) but maintains he has yet to request an individualized bond hearing. Accordingly, they submit that the Court should dismiss the action for failure to exhaust administrative remedies. ECF No. 7.

## II. Legal Standards

### A. Exhaustion of Administrative Remedies

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of

---

[1] On October 29, 2026, Petitioner filed a Notice of Change of Address indicating an out-of-custody mailing address. ECF No. 9. However, ICE's Online Detainee Locator System, https://locator.ice.gov/odls/#/search, indicates that Petition remains detained at California City.

administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Here exhaustion should be waived because, as explained below, Petitioner's due process rights require a bond hearing with enhanced procedural protections, which would not be available if he were to request a generic bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations.

**B. Statutory Detention Authority**

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)).

> The [ICE] officer making this initial determination memorializes the determination on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. Garcia-Maya v. Blanche, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. See 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Moreno v. Chestnut, No. 1:26-CV-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026). After such a custody redetermination hearing in immigration court, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

Except for his initial entry into the United States, there is nothing in the record showing any encounter between Petitioner and immigration authorities prior to his arrest on October 2,

2026. See ECF No 7-1 at 2 (notation on I-213 that "no applications or petitioner were found pending with USCIS"). Thus, this case is materially distinguishable from the many cases finding a prior release by immigration authorities, see, e.g., Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152 (E.D. Cal. 2025), or the government's affirmative decision not to detain a noncitizen pursuing lawful immigration status, see, e.g., Oliveria Tinoco v. Albarran, et al., No. 1:26-CV-05505-DC-CKD (HC), 2026 WL 2949219, at *4–5 (E.D. Cal. Oct. 1, 2026), create a protectable due process interest requiring a pre-deprivation hearing in advance of any attempt at re-detention.

Nor do Petitioner's allegations of a warrantless arrest bear out. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) . . . . absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (quoting Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). While Respondent did not submit the warrant to the Court, Petitioner's I-213 reflects that a supervisory official signed and served a Form I-200 warrant at the time of arrest. ECF No. 7-1 at 3.

Nevertheless, as a noncitizen apprehended within the interior of the United States, Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and statutorily entitled to a bond hearing before an IJ. Rodriguez Vazquez, 183 F.4th at 1165. However, there is nothing in the record to indicate that Petitioner received notice that he could make such a request. For example, there is nothing indicating that Respondent undertook a custody determination through Form I-286, and served that form on Petitioner, which would have allowed him to request a bond hearing. See Moreno, 2026 WL 3136176, at *3. Absent such notice, it appears Petitioner would have only learned about his ability to seek a bond hearing upon being served Respondent's answer. Petitioner cannot be expected to have availed himself of an administrative remedy about which he received no notice. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that in order to comply with due process "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance").

////

Numerous judges in this district, including the assigned District Judge, have found that "where there is no indication that the arresting officer makes an initial custody determination and permits the noncitizen to demonstrate that his release is proper, that detention is unlawful and the proper remedy is Petitioner's immediate release." Moreno, 2026 WL 3136176, at *3; see also Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (identifying a "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention" as a § 1226(a) violation "mandating a petitioner's release") (citing Gopie v. Lyons, No. 25-cv-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)); Gebriel v. Blanche, et al., No. 2:26-CV-02484-RFB-DJA, 2026 WL 3083762, at *9 (D. Nev. Oct. 15, 2026) (finding "Respondents' cursory service" of a prechecked Form I-286 to be "inadequate as a matter of due process" and ordering the petitioner's release). Consistent with these authorities, the undersigned finds that Petitioner's detention of more than a month without any indication that ICE made a custody determination and informed him of his right to request redetermination via a Form I-286 or otherwise violated his due process rights. Accordingly, the undersigned recommends that his petition be granted and Respondents be ordered to immediately release him.[2]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 5) be DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's habeas corpus application (ECF No. 1) be granted on the due process claim for relief (Count Two).

2. Respondent be ordered to immediately release Petitioner JOSE GUARDADO (A# 246-934-783) from their custody.

---

[2] The undersigned will waive prudential exhaustion. As other Courts have determined in factually similar cases, "[w]aiver of the prudential exhaustion requirement here will not encourage the deliberate bypass of the administrative scheme in future cases because Respondents have failed to identify the method by which Petitioner was required to have requested a hearing," i.e., a Form I-286. Rene Leonel G.O. v. Warden of the California City Det. Facility, No. 2:26-CV-00733-TLN-SCR, 2026 WL 1219698, at *2 (E.D. Cal. May 5, 2026).

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk be directed to serve the California City Detention Facility with any order for release.

5. Respondent shall file a notice of compliance within two (2) days of any order adopting these findings and recommendations.

6. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

7. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

8. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE